COHEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.   November 15, 1907.)

**1. COURTS—MUNICIPAL COURT—COSTS—DISBURSEMENTS—JURY FEES.**

Municipal Court Act, Laws 1902, pp. 1557, 1590, c. 580, §§ 231, 347, provide that the party demanding a jury trial at the time of issue joined shall pay to the clerk $4.50. Section 231 also declares that jurors shall be summoned to attend "at a time specified," and that 12 persons shall be summoned to complete a jury of 6; and section 216 (page 1553) declares that the marshal shall immediately pay to each person summoned 25 cents and shall himself be entitled to a fee of $1.50. Section 238 (page 1559) provides that, where an adjournment is granted at the request of a party, he shall pay the clerk a fee for "resummoning a jury." *Held*, that where, after a jury was summoned in a Municipal Court, the case was adjourned from time to time because it was not reached, plaintiff was required to advance a new jury fee each time in order to continue his right to a jury trial, and was therefore entitled to tax the fees so paid as disbursements, under section 330 (page 1584), providing that the bill of costs shall include "all fees and disbursements prescribed by law for services necessarily rendered in the action," etc.

**2. SAME—CONTINUANCE—CONDITIONS—JURY FEES—STATUTES.**

Municipal Court Act, Laws 1902, p. 1559, c. 580, § 238, providing that no adjournment can be granted after the return of a jury in the Municipal Court, unless the party requiring the adjournment, in addition to other conditions imposed on him, deposit with the clerk the sum of $4.50 or $9, as the case may be, for the resummoning of the jury, applies only when an adjournment is had at the request of a party, and not to an adjournment by the justice of his own motion.

Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by Jacob Cohen, an infant, etc., against the New York City Railway Company. From a determination of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York in favor of plaintiff, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

William E. Weaver, for appellant.
Morris Meyers, for respondent.

SCOTT, J. The plaintiff sued in the Municipal Court. Issue was joined on August 20, 1905, whereupon the plaintiff demanded a jury trial and paid to the clerk of the court the jury fees prescribed by section 231 of the Municipal Court Act (chapter 580, p. 1557, Laws of 1902). The cause was thereupon adjourned by consent until October 24, 1905. Upon the adjourned day the case was adjourned by the justice from time to time until June 20, 1906, when a jury was impaneled and a trial had. None of these adjournments were requested by either party; the sole reason for each adjournment being that the justice, owing to the number of cases to be tried, could not reach and try this case. Upon each adjournment the plaintiff, in order to secure the attendance of a jury on the adjourned day, paid to the clerk the statutory fee for summoning a jury, and the sole question involved in this appeal is whether the plaintiff may tax in his bill of costs all of the fees so paid to him, or may only tax the fees for once summoning the jury.

106 N.Y.S.—36

Section 330 of the Municipal Court act provides for the inclusion in the bill of costs of "all fees and disbursements prescribed by law for services necessarily rendered in an action at the request of the prevailing party." The question, then, is whether or not these jury fees were necessary disbursements in the action. Among the necessary disbursements must be included all that the prevailing party was obliged to make in order to secure the rights which the law accords to him. It is one of the rights of either party in the Municipal Court to have his cause tried before a jury, provided that the demand for a jury trial be seasonably made and the prescribed fees for summoning the jury be paid to the clerk; and of this right a party may not be deprived except by his own consent, or as a consequence of his own omission to do some act necessary to secure the attendance of the jury.

The method provided by the statute for procuring a jury in the Municipal Court is peculiar, and quite different from that which obtains in courts of record. Instead of summoning a number of jurors to attend the court on each day devoted to jury trials, and impaneling a jury in each case as it comes on for trial from the whole number of jurors then in attendance, a number of jurors are summoned for each case, and from the jury summoned for each particular case are selected the jurors to try that case. Thus for a jury of 6, such as was demanded in the present case, 12 persons are summoned, and from this number 6 are selected to act as jurors in the case. In order to secure the summoning of the jurors, the party demanding a jury trial must pay to the clerk in advance the sum of $4.50, of which 25 cents is to be paid to each juror when summoned, and $1.50 is paid to the marshal as his fee. The statutory provisions to this effect are as follows, the references being to the Municipal Court act of 1902:

Section 231 provides that:

"The party demanding the trial by jury (at the time issue is joined) shall forthwith pay to the clerk the sum of $4.50."

And section 347 provides that:

"There shall be paid to the clerk of the court the following sums as court fees in an action: * * * For trial by jury of six, four dollars and fifty cents; for trial by jury of twelve, nine dollars. * * * All of the above fees shall be prepaid before the service shall be performed."

Section 231 prescribes how the jury shall be drawn as follows:

"The clerk in each action or special proceeding in which a jury trial is to be had must publicly draw twelve persons from the undrawn jury box, and deliver the list thereof to a marshal or to a person deputed by the court for that purpose, with a written or printed notice, directed to each person named in the list, requiring him to attend as directed as a juror, at a time specified therein, out of which number six of the persons attending shall be drawn to try the cause, provided that number appear."

Section 235 prescribes how service shall be made upon the jurors as follows:

"The officer, or person deputized as provided by section 216 of this act, must thereupon immediately summon each person named in the list, by giving him the sum of twenty-five cents, and the notice mentioned in the last section but one, personally or by leaving the same at his place of residence or business with a person of suitable age and discretion. * * *"

For this service the marshal is entitled to a fee of $1.50. Section 354.

Thus it will be seen that, in order to preserve his right to a jury trial, a litigant must pay the jury fee in advance, and each juror must be paid his fee when summoned. The statute prescribes that the notice to be served upon a juror shall specify the time at which he is to appear, and no provision is made for requiring his attendance at any other time than that for which he is summoned. If the juror does appear at the time specified, he has done all that is required of him in the way of attendance, and no means seems to be provided for compelling his attendance at any other time, except the service of a new notice upon him and the payment of another fee. This seems to have been within the contemplation of the Legislature, for section 238, dealing with adjournments at the request of a party, requires that there shall be imposed upon the party demanding such an adjournment, as a condition, the payment to the clerk of a fee for resummoning a jury. The plaintiff, therefore, found himself in this position: He desired a jury trial, as was his right. He demanded it seasonably, and paid the prescribed fee to secure it. Without fault on his part, and owing to exigencies which he could not control, the trial of the cause was necessarily adjourned. The jury summoned for the day first fixed for the trial could not be compelled to attend upon the adjourned day; nor could another jury be summoned for that day except upon the payment of their fees. The plaintiff must therefore abandon his right to a jury trial, which he certainly was not bound to do, or adopt the only possible means to secure it, which was to pay the necessary fees for summoning another jury. Under the circumstances the second and each succeeding jury fee so paid was certainly a necessary disbursement in the action.

It is true that the statute does not in express terms provide for the particular case presented on this appeal; but the inevitable logic of the provision of the act relating to the procuring of the attendance of jurors in the Municipal Court leads to the determination arrived at in the court below. It is true that in the present case, and doubtless in others, the result is to impose an apparently unreasonable burden upon the defendant. That result, however, flows from the provisions of the statute, and the remedy lies in the hands of the Legislature. It would be a greater hardship to cast upon the plaintiff the burden of either waiving his statutory right to a jury trial or, notwithstanding the merit of his cause, of paying the extra jury fees for the necessity for which he was in no wise responsible.

Section 238, providing that "no adjournment can be granted after the return of the jury unless the party requiring the same, in addition to the other conditions imposed upon him, deposit with the clerk the sum of four dollars and fifty cents, or nine dollars as the case may be," evidently applies only when an adjournment is had at the request of a party, and has no application where the case is adjourned by the justice of his own motion.

The determination of the Appellate Term must be affirmed, with costs.

PATTERSON, P. J., and HOUGHTON and LAMBERT, JJ.,
concur.

LAUGHLIN, J. (dissenting). An examination of the various stat-
utory provisions relating to jury trials in the Municipal Court, Bor-
ough of Manhattan, and to the taxation of costs in actions triable
therein, leads me to the conviction that the Legislature intended that,
where a jury trial is duly demanded, the action should be tried by the
jury originally summoned unless an adjournment is granted at the in-
stance of either party, in which case the fee for summoning another
jury is required to be paid as a condition of granting the adjournment,
and that in any event only the jury fee originally paid for summoning
the first jury is taxable. Section 238 of the Municipal Court act (chap-
ter 580, p. 1559, Laws of 1902) provides as follows:

"No adjournments can be granted after the return of the jury unless the
party requiring the same, in addition to the other conditions imposed upon
him, deposit with the clerk the sum of four dollars and fifty cents or nine dol-
lars as the case may be, but no jury fee or sum for summoning of jurors may
be included as part of the costs in the judgment, other than the sum original-
ly paid."

It is conceded in the majority opinion that the provisions of this
section preclude the taxation of a jury fee necessitated by an adjourn-
ment requested by either party; but it is held that no part of the sec-
tion applies where the adjournment is by order of the court, without
the request of either party. I am unable to agree with this construc-
tion, and am of opinion that the section should be construed as preclud-
ing the taxation of more than one fee for summoning a jury, for the
reason that, where a jury is summoned, the court, I think, may not of
its own motion discharge the jury and adjourn the case, but, if an ad-
journment becomes necessary, must require the jurors originally sum-
moned to attend on the adjourned day. The record in the case at bar
shows that all of these adjournments, which resulted in summoning 15
different panels of jurors, at an expense of $67.50, for the trial of this
little case, were had "by consent." It does not appear by the record,
therefore, that the adjournments were by order of the court, or were
even necessitated by a congestion of business, although that is claimed
by the respondent, and in effect conceded by the appellant. The court
appears to be of opinion that the public interests require that it should
go beyond the record and decide the question, claimed to be frequently
recurring, as to whether, where the adjournment is necessitated by a
congestion of business, the jury originally summoned, or any jury sub-
sequently summoned, may be discharged, and another jury summoned,
and all jury fees taxed and included in the judgment. Assuming that
each adjournment was thus granted, still I am of opinion that only the
fee for originally summoning the jury is taxable. Section 193 of the
Municipal Court act authorizes the court of its own motion to adjourn
a cause for a period not exceeding eight days at any one adjournment.
This section, however, must be construed in conjunction with the other
provisions of the act. I am of opinion that this general authority of the
court to adjourn a cause is limited by other provisions relating to ad-
journments in case a jury is summoned.

Section 231 of the Municipal Court act provides as follows:

" *   *   * When a jury trial is demanded the trial of the case may be adjourned within the limitations provided in this act, until the time fixed for the return of the jury."

This section is in title 6 of the act, relating to trials by jury, in which is also found said section 238, already quoted, prohibiting adjournments after the return of the jury, excepting upon condition that another jury fee be paid by the party desiring the adjournment. When a jury trial is demanded, the court should be able to fix the day for the return of the jury and for the adjournment of the case at a time when the calendar will be reasonably clear, so that the case may be tried. This may in some instances involve a long adjournment; but there will be greater justice and less expense to litigants in adjourning the cause originally to a day when it may be tried than in adjourning it, as was done in the case at bar, 15 or more times, and in summoning 15 or more separate panels of jurors to try the issue.

It is clear to my mind that the Legislature contemplated, in granting the right to a trial by jury in the Municipal Court, that the same could be had upon payment of one fee for summoning jurors. With a view to insuring that end, an adjournment at the request of either party is forbidden, unless he pays the additional fee for summoning another jury, the taxation of jury fees is limited to the amount originally paid, and the court is given full discretion to fix the time for the return of the jury on a day when the case may be tried. This construction is borne out by the further provisions of said section 231, which direct the clerk to draw and have the jurors summoned for a time specified in the notice to them, which is to be the time fixed for the adjournment, and providing that, out of the 12 persons summoned as jurors, "six of the persons attending shall be drawn to try the cause, provided that number appear." The jurors are summoned specially in the particular action, and receive 25 cents upon being summoned, for which they are required to attend and required to sit, if selected on the jury, as long as the case may last. If a sufficient number of competent jurors do not attend, talesmen may be summoned under section 236 of the Municipal Court act, and the expense of summoning them is one of the expenses properly taxable under section 330, quoted in the prevailing opinion. If through any emergency the court should be unable to proceed with the trial on the return day for which the jurors are summoned, the jurors may be selected and the cause then adjourned, or, if the court should be unable to devote the time necessary to select the jury, it must have inherent power to continue the cause and direct the jurors to appear at a time when they may be examined and a jury to try the case may be selected from their number. It would seem, however, that if the court, instead of leaving it to the clerk to summon jurors for any day—the prevailing practice, according to statements of both counsel—would exercise proper care in adjourning the cause to a day when the calendar would be clear, or sufficiently clear to render it reasonably probable that it could be reached for trial, and would have this in mind in the enactment of rules and in handling the other business coming before the court, the necessity for further adjournment would seldom, if ever, arise.

The majority of the court seem to be of opinion that the omission to specially provide for taxation of the fees of jurors, where the adjournment is had at the instance of the court, is a legislative oversight. I am of opinion that the omission was through legislative foresight. I think the Legislature in its wisdom intended to limit the taxation of jury fees in every case to the fee originally paid, and that it foresaw the abuse that would result by permitting adjournments either by the court or at the request of either party, after a party to an action involving a small sum has once paid the cost of summoning a jury, and that the prohibition was for the protection of both parties and to minimize the expense of trials involving small amounts.

For these reasons, therefore, I dissent from the taxation of more than the original fee for summoning the jury.